## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JAMES HUMPHREY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No.:** CIV-18-1184-R |
| **v.** | § | |
| | § | |
| **SCHLUMBERGER LIFT** | § | (Removed from the District Court of |
| **SOLUTIONS, LLC and PRODUCT &** | § | Canadian County, State of Oklahoma, |
| **LOGISTICS SERVICES LLC d/b/a** | § | Case No.:  CJ-2018-595) |
| **P&LS** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, come Schlumberger Lift Solutions, LLC ("SLS") and Product & Logistics Services LLC ("P&LS," and, together with SLS, the "Defendants") to file this Notice of Removal hereby removing this action from the District Court of Canadian County, State of Oklahoma to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended. In support of removal, Defendants respectfully submit the following:

1.

On October 18, 2018, Plaintiff James Humphrey ("Plaintiff") filed his petition captioned *James Humphrey v. Schlumberger Lift Solutions, LLC and Products & Logistics Services, LLC d/b/a P&LS*, in the District Court of Canadian County, Oklahoma (the "Petition").  A copy of the Petition is attached hereto as Exhibit "1." A copy of the

1

state court Petition and summons was served on SLS's registered agent for service of process on November 7, 2018.  A copy of the service documents are attached hereto as Exhibit "2." P&LS has not been served to date; however, Defendants are jointly represented by undersigned counsel. P&LS consents to the removal of this lawsuit to the United States District Court for the Western District of Oklahoma.

2.

In his Petition, Plaintiff purports to assert a common-law cause of action under Oklahoma state law for wrongful termination, also known as a *Burk* tort.

3.

Specifically, Plaintiff claims he was terminated for his alleged refusal to violate the Federal Motor Carrier Safety Administration ("FMCSA"), Department of Transportation ("DOT") traffic, and "State of Oklahoma safety laws, rules, and regulations." (*See* Ex. 1, Petition ¶¶8-10.)

4.

Plaintiff seeks damages in the form of, *inter alia*, actual and compensatory damages, including back pay and front pay, emotional distress and/or dignitary harm damages, punitive damages, pre- and post-judgment interest, costs, and attorneys' fees. (Ex. 1, Petition ¶8 and at 4.) Plaintiff specifically asserts his actual damages exceed ten thousand dollars ($10,000.00). (Ex. 1, Petition ¶14.)

## I.  The Court has Subject-Matter Jurisdiction Pursuant to 28 U.S.C. § 1332(a)(1).

### A.  There is Complete Diversity of Citizenship Between the Parties.

5.

As stated in his Petition, Plaintiff is a resident of Oklahoma County, Oklahoma. (Ex. 1, ¶1.) For the purpose of diversity jurisdiction, a party is a citizen of the state in which he or she is domiciled. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)). Based on the allegations in the Petition, Plaintiff is a citizen of the State of Oklahoma.

6.

Plaintiff states in his Petition that SLS is "a foreign limited liability company [] doing business in Canadian County, Oklahoma." (Ex. 1, ¶2.) SLS is a limited liability company organized under the laws of the State of Delaware.  Its sole member is Schlumberger Technology Corporation ("STC"). (*See* Declaration of Kelly Burrows, attached hereto as Exhibit "3.")

7.

Plaintiff states in his Petition that P&LS is "a limited liability company doing business in Canadian County, Oklahoma." (Ex. 1, ¶3.)  P&LS is a limited liability company organized under the laws of the State of Delaware.  Its sole member is STC. (Ex. 3.)

8.

STC is a corporation organized under the laws of the State of Texas, with its principal place of business in the State of Texas. (*Id.*) Thus, STC is a citizen of the State of Texas. *See* 28 U.S.C. § 1332(c)(1).

9.

For the purpose of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Drinnon v. Drinnon Contr., LLC*, No. CIV-14-819-C, 2014 WL 5018615, at \*1 (W.D. Okla. Oct. 7, 2014) (citations omitted). Therefore, SLS and P&LS are citizens of the State of Texas.

10.

Accordingly, there is complete diversity between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332(a)(1).

**B. The Amount in Controversy Exceeds $75,000.**

11.

Where, as here, a plaintiff's petition does not state the amount in controversy, the defendant may satisfy its burden of proof under § 1332(a) with a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Big Hunt Media, Inc. v. Smith & Wesson, Corp.*, 2018 WL 3625842, at \*2 (W.D. Okla. July 30, 2018) (quoting *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S.Ct. 547, 554 (U.S. 2014)). Evidence need not be considered unless the amount in controversy is disputed. *Paros Properties LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1271 n. 5 (10th Cir. 2016) (citing *Dart Cherokee Basin*, 135 S. Ct. at 553-54); *Nichols v. Chesapeake Op., LLC*, 2017 WL 713906, at \*1 n. 2 (W.D. Okla. Feb. 23, 2017) (citations omitted). Here, Plaintiff only alleges his damages exceed $10,000. (Ex A., ¶14.)[1]

---

[1] 12 Okla. Stat. § 2008 requires "[e]very pleading declaring relief for damages in money in excess of the amount required for diversity jurisdiction…shall, without demanding

4

12.

Under Oklahoma law "[f]or the breach of an obligation not arising from contract, the measure of damages…is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not." 23 Okla. Stat. § 61. A plaintiff who prevails in a wrongful termination action may recover damages available in tort, which may include damages for emotional distress, punitive damages, and loss of earnings and are not limited by statute. *See Hawkins v. Smith*, 11-cv-372-GKF-TLW, 2012 WL 2126823, at *1 (N.D. Okla. June 12, 2012). "The value of 'nonmonetary relief' is appropriately considered in the amount in controversy analysis." *Rose v. Paetec Comm'ns, Inc.*, 2013 WL 395459, at *2 (N.D. Okla. Jan. 31, 2013) (citing 28 U.S.C. § 1446(c)(2)(A)(i)).

13.

At the time of his termination, Plaintiff was paid on an hourly basis and earned, on average, $1,076.00 each week.[2] While Defendants deny Plaintiff is entitled to any damages, considering that amount Plaintiff earned at the time of his termination, the time

---

every specific amount of money, set forth only that the amount sought as damages is in excess of the amount required…" *See e.g.*, *Auto. Consulting Res., Inc. v. Interstate Nat'l Dealer Servs., Inc.*, No. 17-CV-225-JED-FHM, 2018 WL 3240962, at *4 (N.D. Okla. July 3, 2018) ("'The Oklahoma Pleading Code required that, to the extent that the plaintiffs sought damages in an amount less than the amount required for diversity jurisdiction, they must "specify the amount of damages sought to be recovered'").

[2] Specifically, in 2017, Plaintiff earned $1,160 for the week ending May 27; $1,220 for the week ending June 3; $800 for the week ending June 10; $1,400 for the week ending June 17; $1,200 for the week ending June 24; $1,730 for the week ending July 1; $1,055 for the week ending July 8; and $595 for the week ending July 15. Plaintiff also received two (2) payments of $800 on June 10 and June 24, 2017. *See* Declaration of Jackie Brown, attached hereto as Exhibit 4.

from his termination until filing, and the probable time from filing until the disposition of this matter, Plaintiff's claim for back pay alone will exceed $75,000.00.[3]

14.

Plaintiff also seeks to recover damages for emotional distress or mental anguish which, though Defendants deny liability for any category of damages, increases the amount in controversy further.[4]

15.

Additionally, Plaintiff seeks to recover attorneys' fees. Pursuant to Oklahoma law, Plaintiff is entitled to recover attorneys' fees, which the Court may consider in its determination of the amount in controversy. *Big Hunt Media, Inc. v. Smith & Wesson*

---

[3] Plaintiff alleges he was terminated on or about July 10, 2017 and filed his Petition on October 18, 2018. This is a period of sixty-six (66) weeks and three (3) days. Using his average weekly earnings, this period represents potential back pay of $71,016.00. The median time from filing to the disposition of civil cases in the Western District of Oklahoma is 16.5 months. *See* U.S. District Courts—Median Time from Filing to Disposition of Civil Case, by Action Taken—During the 12-Month Period Ending June 30, 2018, *available at* http://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2018/06/30 (last visited November 29, 2018). Considering this additional time, the amount in controversy with respect to back pay alone exceeds $75,000.00.

[4] *See e.g.*, *Estes v. ConocoPhillips*, 2009 WL 5415370 (N.D. Okla. 2009) (awarding $275,000 for physical and mental distress when the plaintiff was tested for alcohol at work in violation of state law); *Griffan v. ITT Fed. Servs. Corp.*, JVR No. 198950 (Unknown Okla. State Ct. Sept. 1, 1996) (awarding $180,000 in total damages in a wrongful termination suit; the plaintiff was terminated when he refused to violate his employer's contract with the federal government).

*Corp.*, No. CIV-18-299-R, 2018 WL 3625842, at *2 (W.D. Okla. July 30, 2018) (noting

12 Okla. Stat. § 936 allows for recovery of attorneys' fees in civil actions).[5]

16.

Defendants deny they are liable to Plaintiff for attorneys' fees, or otherwise,

however, when combining Plaintiff's potential back pay claim with the additional

categories of damages prayed for in the Petition, and attorneys' fees, it is clear that the

jurisdictional threshold has been satisfied and the amount in controversy exceeds

$75,000.00.[6] *See* § 28 U.S.C. 1332(a).

17.

Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Removal to the Western District of Oklahoma is Proper.

18.

Removal to the United Stated District Court for the Western District of Oklahoma

is an appropriate venue pursuant to 28 U.S.C. §§ 1391, 1441, and 1446(a). The United

States District Court for the Western District of Oklahoma is the court embracing the

place where the Petition is pending.

---

[5] 12 Okla. Stat. § 936 has been applied to actions to recover the cost of labor arising in tort. *E.g. Luetkemeyer v. Magnusson*, 162 P.3d 970 (Okla. App. April 13, 2007).
[6] *See e.g.*, *Kier v. Lowery*, No. 16-CV-370-JED-FHM, 2017 WL 1015319, at *9 (N.D. Okla. Mar. 15, 2017) (declining to remand, noting the plaintiff failed to specify whether her damages were below the amount in controversy for diversity jurisdiction, and that her claim for punitive damages made an award in excess of 75,000 dollars possible under the circumstances);

19.

Pursuant to Local Rule 81.2, a copy of the Docket Sheet from the action in the in the District Court of Canadian County, Oklahoma is attached hereto as Exhibit "5."

**III.    Defendants' Notice of Removal is Timely.**

20.

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) as it is being filed within thirty (30) days of SLS' being served with summons and the Petition, the initial pleading setting forth a claim for relief upon which such action or proceeding is based. Pursuant to 28 U.S.C. § 1446, this Notice of Removal and the attached copies of all process, pleadings, and orders received by Defendants, in addition to Form JS-44 and a copy of the state court docket sheet, comply with the requirements of 28 U.S.C. § 1446(a) and Western District of Oklahoma Local Civil Rules 3.1 and 81.2.

21.

Pursuant to 28 U.S.C. § 1446(d), a notice of removal will be filed with the District Court for Canadian County, Oklahoma, and will be served upon Plaintiff through his counsel of record.

**WHEREFORE,** Defendants, Schlumberger Lift Solutions, LLC and Product & Logistics Services, LLC, reserving all rights and without waiving any of its procedural or substantive rights or defenses, pray for removal of the above-captioned proceeding from the District Court for Canadian County, Oklahoma to the United States District Court for the Western District of Oklahoma.

8

Respectfully submitted,

s/*Jefferson I. Rust*
Jefferson I. Rust, OBA # 16722
TOMLINSON MCKINSTRY P.C.
Two Leadership Square, Suite 450
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 606-3350
Facsimile: (866) 633-6162
jeffr@tmoklaw.com
**ATTORNEYS FOR DEFENDANTS
SCHLUMBERGER LIFT SOLUTIONS, LLC
and PRODUCT & LOGISTICS SERVICES
LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants. I further certify that a true and correct copy of the above and foregoing was also served to the following via U.S. Mail.

D. Colby Addison, OBA #32718
Leah M. Roger, OBA #32107
LAIRD HAMMONS LAIRD, PLLC
1332 S.W. 89th Street
Oklahoma City, OK 73159
Colby@lhllaw.com
leah@lhllaw.com
***Attorneys for Plaintiff, James Humphrey***

s/*Jefferson I. Rust*
JEFFERSON I. RUST